## MELLOR v. COX.

### (Circuit Court, D. South Carolina. June 22, 1891.)

1. **ADMIRALTY—TAXATION OF COSTS.**
    A decree of a circuit court simply affirming a decree of the district court in admiralty "with costs" means that costs are to be paid by the losing party.

2. **SAME—PROCTOR'S FEES.**
    Where, in the discussion before the district court, a person was recognized as proctor for the successful party, he must be allowed his costs, though there was no entry of appearance by him within the time required by rule.

3. **SAME—DOCKET FEES.**
    In admiralty there can be but one docket fee, though the case is appealed from the district to the circuit court.

In Admiralty.

*C. B. Northrop*, for libelant.

*I. N. Nathans*, for respondent.

SIMONTON, J. The case comes up on the taxation of costs. The district court dismissed the libel, with costs. 45 Fed Rep. 115. Libelant carried the case to the circuit court, and the decree of the district court was affirmed, with costs. The clerk has taxed a docket fee for Mr. Nathans, proctor of respondent, and to this libelant excepts. He bases his objections on these grounds:

1. That the decree of this court is vague and uncertain in this: that it does not say who shall pay the costs. The decree of the district court is affirmed, simply "with costs." The rule is that the losing party pay the costs. To this rule there are exceptions in equity and admiralty. But when either of these courts desire to modify the rule it says so. When the expression is used, "with costs," it means costs to the losing party, unless other words are used. In this case libelant appealed, and his appeal was dismissed. He must pay the costs.

2. Because there is no entry of appearance by Mr. Nathans for appellee in the circuit court, within the two first days in term succeeding the filing of the appeal and proceedings and affidavit of service of notice thereof on him, as required by rule 9, and that libelant could thus proceed *ex parte*. Mr. Nathans, therefore, cannot get costs. Upon examining the docket of the circuit court the name of Mr. Nathans appears as proctor for respondent. It is admitted that he took part in the discussion before the court, and the order is in his handwriting, signed by the circuit judge on his submission. He thus was recognized as proctor for respondent. No objection seemed to have been made at the hearing. He must be treated as the proctor and allowed his costs.

3. Because but one docket fee can be charged, and that for a final hearing. This docket fee has already been charged in the costs of the district court. I confess that I have some doubt on this point. But Judge TOULMIN, in a well-considered case, (*The Lillie*, 42 Fed. Rep. 179,) holds that there can be but one final hearing in admiralty, and

therefore but one docket fee. It is best that the practice be uniform, and this case is followed. This objection is sustained.

The clerk will correct the taxation of costs by striking out the item of $20 in the district court costs.